IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10462
Conference Calendar

_____

TROY O'NEAL ROBINSON,

                                        Plaintiff-Appellant,

versus

CITY OF ABILENE, TEXAS;
TAYLOR COUNTY TEXAS;
DAVID W. THEDFORD,
Attorney at Law,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-282-C
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Troy O'Neal Robinson, Texas prisoner # 547327, appeals the
dismissal of his pro se, in forma pauperis (IFP), civil rights
complaint.  The district court dismissed Robinson's civil rights
claims with prejudice as time-barred and, to the extent the
claims were more properly raised in a 28 U.S.C. § 2254 petition,
the court dismissed the claims without prejudice to raise them in
such a petition.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In his pro se brief, Robinson argues the merits of his claims. Although he recites boilerplate regarding the applicable limitations period and the accrual of federal causes of action, Robinson does not argue that the district court erred in determining when his causes of action accrued or in dismissing his complaint as time-barred.

Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). When an appellant fails to identify any error in the district court's analysis, it is as if the appellant had not appealed that judgment. Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). General arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal. Id.

Robinson has failed to brief any argument regarding the reasons given for the district court's dismissal of his claims. Accordingly, he has abandoned the only appealable issue and has failed to raise any meritorious argument on appeal. Because his appeal is wholly without merit, it is DISMISSED as FRIVOLOUS. Howard v. King, 707 F.2d 21, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Robinson's motion for discovery is DENIED as MOOT.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Robinson is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not be able to proceed IFP in any civil action

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED; MOTION FOR DISCOVERY DENIED AS MOOT.